O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA OLIVAS,<br><br>             Plaintiff,<br><br>     vs.<br><br>MICHAEL J. ASTRUE, Commissioner<br>of Social Security,<br><br>             Defendant. | CASE NO. ED CV 10-01481 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

          Plaintiff Loretta Olivas makes three arguments in support of her Complaint that the Social Security Commissioner wrongly denied her claim for disability benefits. She argues first that the Administrative Law Judge ("ALJ") failed to evaluate adequately whether the effects of her combined impairments were medically equivalent to a listed impairment. She then argues that the ALJ wrongly rejected the opinion of a treating physician. Finally, she contends that the ALJ failed to support his determination that she could perform her past relevant work. The Court disagrees, as explained below.

          Plaintiff first argues that her combined impairments are equivalent to Listing 1.04, for disorders of the spine. *See* 20 C.F.R., Part 404, Subpart P, Appendix 1, § 1.04. This argument fails because Plaintiff has advanced no plausible theory for equaling this listing. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001). For example, Plaintiff has pointed to no evidence that she has "motor loss (atrophy with associated muscle weakness

1 or muscle weakness) accompanied by sensory or reflex loss," one of the requirements of
2 Listing 1.04.  (*See* AR 143, 146-47 (reports of treating physician Dr. Akmakjian that
3 Plaintiff has "[n]o gross muscle weakness"); AR 192-93 (report of examining physician
4 noting that Plaintiff "has good overall motor functioning"); AR 217 (report of treating
5 physician Dr. Sofia that Plaintiff has "[n]o motor or sensory loss . . . [in] the lower
6 extremities").)  Accordingly, to the extent the ALJ erred by failing to explain with
7 sufficient particularity his conclusion that Plaintiff's combined impairments did not equal
8 a listed impairment, the error was harmless.  *See Stout v. Commissioner*, 454 F.3d 1050,
9 1055 (9th Cir. 2006).

10 Plaintiff next argues that the ALJ erred in discounting the opinion of her
11 treating physician, Dr. Akmakjian.  Although a treating physician's opinion can sometimes
12 be entitled to controlling weight, an ALJ is not required to accept it.  Instead, he may
13 discredit a treating physician's opinion by providing specific and legitimate reasons for
14 doing so.  *Batson v. Commissioner*, 359 F.3d 1190, 1194-95 (9th Cir. 2004).  The ALJ did
15 so in this case.  As an initial matter, Plaintiff does not point to any functional limitations
16 in Dr. Akmakjian's opinion that the ALJ failed to incorporate into his assessment of
17 Plaintiff's residual functional capacity.  Instead, Plaintiff quarrels that the ALJ rejected
18 Dr. Akmakjian's alleged opinion that Plaintiff "has not been able to work."  (*See* AR 146.)
19 The ALJ was entitled to disregard this opinion because a treating physician's opinion "is
20 not binding on an ALJ with respect to . . . the ultimate determination of disability."  *Batson*,
21 359 F.3d at 1195 (citation omitted).  Moreover, it is not clear whether Dr. Akmakjian
22 independently determined that Plaintiff was unable to work or whether he was relaying
23 Plaintiff's own report.  (*See* AR 146.)  The ALJ's determination that "[t]his opinion
24 appears based solely on [Plaintiff's] subjective complaints" is rational and must be upheld.
25 *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  Thus, the ALJ's unchallenged
26 adverse credibility determination renders this observation a valid reason to discredit
27 Dr. Akmakjian's opinion.  *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).
28 In addition, the ALJ noted that Dr. Akmakjian's opinion was "not consistent with [his]

1  minimal findings on physical examination." (AR 14.)  The ALJ's interpretation that
2  Dr. Akmakjian's objective findings are inconsistent with an opinion that Plaintiff is
3  disabled is rational. (*See* AR 143-49 (reports of Dr. Akmakjian noting repeatedly that
4  Plaintiff "has done well with the lower back surgery" and proposing epidural injections and
5  imaging studies, if necessary); 150-52 (report of Dr. Akmakjian's colleague concluding
6  that Plaintiff "probably just pulled her back. She was doing so well after her surgery
7  . . . .").) This, too, constitutes a specific and legitimate reasoning for discounting
8  Dr. Akmakjian's opinion. *See Johnson v. Shalala*, 60 F.3d 1428, 1432-33 (9th Cir. 1995).

9             Finally, Plaintiff challenges the ALJ's determination that she could perform
10 her past relevant work as a housekeeper. "At step four of the sequential analysis, the
11 claimant has the burden to prove that [she] cannot perform [her] prior relevant work 'either
12 as actually performed or as generally performed in the national economy.'" *Carmickle v.
13 Commissioner*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). The ALJ must
14 support his determination by making specific findings as to (1) "the claimant's residual
15 functional capacity"; (2) "the physical and mental demands of the past relevant work"; and
16 (3) "the relation of the residual functional capacity to the past work." *Pinto v. Massanari*,
17 249 F.3d 840, 844 (9th Cir. 2001). The ALJ met this obligation in this case. He first
18 determined that Plaintiff possessed the residual functional capacity "to perform a limited
19 range of medium work but the full range of light work." (AR 12.) He then noted that the
20 occupation of housekeeper "is considered light" work as generally performed. (AR 14
21 (citing AR 125)); *see* DICTIONARY OF OCCUPATIONAL TITLES § 321.137-010 (categorizing
22 occupation of housekeeper as light work). Then, comparing Plaintiff's abilities to the
23 requirements of the housekeeper position, the ALJ concluded Plaintiff "is able to perform
24 [her past relevant work] as generally performed." (AR 14.) The ALJ was not required to
25 incorporate into Plaintiff's residual functional capacity limitations that he found not
26 ///
27 ///
28 ///

credible or not supported by the evidence. *See Batson*, 359 F.3d at 1197. Accordingly, the ALJ did not err by concluding that Plaintiff could perform her past relevant work.

In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: October 25, 2011

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

-4-